UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:



FILED by ___ D C
INTAKE

FEB 0 4 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

CHARITE BIEN-AIME,
     Plaintiff,

vs.

MILLER'S ALE HOUSE, INC.,
     Defendant.
_____/

## COMPLAINT

The Plaintiff, CHARITE BIEN-AIME (hereinafter "BIEN-AIME"), by and through the undersigned counsel, hereby sues Defendant, MILLER'S ALE HOUSE, INC., (hereinafter "Defendants"), and in support avers as follows:

### INTRODUCTION

1. This is an action by the Plaintiff, BIEN-AIME, for declaratory and injunctive relief and damages under 42 U.S.C. §1981 (Civil Rights Act of 1866) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant's discriminatory treatment on the basis of race and national origin.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's 42 U.S.C. §1981 claims pursuant to 28 U.S.C. §1331, §1343, and §1367. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

3. The venue of this action is properly placed in the Southern District of Florida,  Division, pursuant to 28 U.S.C. §1391(b), because the events/employment practices hereafter

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

alleged to be unlawful were committed in Palm Beach County, within the jurisdiction of this Honorable Court.

## PARTIES

4. At all times relevant, BIEN-AIME was employed by Defendant and the parties had a contractual relationship with each other.

5. Plaintiff, is a resident of Miami-Dade County, Florida and continues to reside in Broward County, and resided in said County during the time of her employment with the Defendant, within the jurisdiction of this Honorable Court.

6. Plaintiff is a Black male individual of Haitian national origin and is a member of a class of persons protected from discrimination in her employment under 42 U.S.C. §1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

7. Defendants are a Florida corporation authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court.

## COUNT I. DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN IN VIOLATION OF 42 U.S.C. §1981 AGAINST MILLER'S ALE HOUSE, INC.

8. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 of this complaint as if set out in full herein.

9. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

10. At all times material hereto, Plaintiff, BIEN-AIME, was an "employee" within the meaning of 42 U.S.C. §1981

11. The Plaintiff was employed by Defendants as a cook since on or about June 2002.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

**BISCAYNE CENTRE** * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

12. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendants.

13. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

14. Plaintiff was terminated from his employment on or about June 2002.

15. Defendants engaged in a pattern of continuous discrimination against Plaintiff.

16. During the course of her employment with the Defendants, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial and national origin discrimination by Defendants' agents.

17. Defendants crafted and implemented a plan to eventually terminate Plaintiff based upon his race. Defendants also confected a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

18. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of his race and national origin.

19. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

20. Defendants, through the actions of their agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

21. The actions and language of the Defendants were so severe and pervasive as to alter the terms, conditions and/or privileges of her employment with the Defendants, and thereby creating a hostile work environment.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

**BISCAYNE CENTRE** * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

22. The actions of the Defendants were based upon the Plaintiff being a black Haitian individual. The Defendants subjected the Plaintiff to race and national origin based animosity.

23. The Plaintiff would have continued in her form of employment with entitlement to his wages and benefits but for the discriminatory conduct of the Defendants.

24. When the Defendants terminated the Plaintiff's employment, they retained all employees involved who exhibited discriminatory conduct upon the Plaintiff.  The Defendants did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black Haitian individuals.

25. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, he would not have been the object of discrimination.

26. As a result of the actions of the Defendants, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and he has suffered emotional distress and damage.

27. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendants.

28. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendants, were unreasonably affected in a term, condition, or privilege of employment under applicable law in that her psychological well-being was seriously affected when the work place became hostile.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

29. The conduct of the Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of his statutory right under federal law.

30. The actions of the Defendants and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

31. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendants' discriminatory practices unless and until this Court grants relief.

32. The Plaintiff has retained undersigned counsel to prosecute her claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act. WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff and against the Defendants on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

    B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C. Award Plaintiff as to this count prejudgment interest; and

    D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

## COUNT II. DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760 AGAINST MILLER'S ALE HOUSE, INC.

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 of this complaint as if set out in full herein.

34. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states: "It is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

35. The discrimination and termination of Plaintiff by Defendants was on the basis of Plaintiff being a Black and Haitian national origin.

36. At all relevant times mentioned, including the time of termination of Plaintiff, Defendants was aware that Plaintiff was a Black and Haitian national origin.

37. At the time discharge from employment with Defendants, Plaintiff did perform and excel at the performance of the essential functions of her position.

38. The Plaintiff was qualified for the position held with the Defendants.

39. Plaintiff was fired and treated differently from other employees by her supervisors working for Defendants on the basis of race and Haitian national origin.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

40. The termination of Plaintiff from employment with Defendants and other acts were directly and proximately caused by the Defendants' unjustified discrimination against Plaintiff because of her race while working for Defendants in violation of Florida Statute Section 760.

41. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

42. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendants' is a mere pretext for the actual reason for termination, his race and national origin.

43. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status.

44. The aforementioned actions of Defendants were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendants to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay, with prejudgment interest and

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

other remuneration for mental pain, anguish, pain and humiliation from being

terminated due to race.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages,

attorney's fees pursuant to Florida Statute §448.104.

G.  Plaintiff demands a trial by jury.

Dated: _____

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
11900 Biscayne Boulevard
Suite 288
North Miami, Florida 33181
Tel.  (305) 416-5000
Fax:  (305) 416-5005

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005